Johnson, C. J. The only point raised for the adjudication of this court is presented by the plea puis darrein continuance. The -disposition of this question must necessarily depend upon the construction which may be given to certain provisions of the deed of assignment. The Real Estate Bank, on the 2nd day of April A. D. 1842, made and executed a deed whereby the said bank assigned and set over all her property and assets to the plaintiffs and one Carey A. Harris, as trustees for the uses and purposes therein specified. The deed provided that, at the expiration of two years from its date, the said trustees or a majority of them should meet at Little Rock and there elect five of their number, who should thereafter be the sole trustees. And that all the grants thereby made to, the powers vested in, and privileges conferred upon said trustees, should, at the expiration of two years from the date of the deed, enure and pass to, and vest absolutely, fully and completely in said residuary trustees alone. And.it was further declared and agreed by and between the parties thereto, that all and singular the grants made to, and the powers and privileges vested in, and conferred upon said original fifteen, should be vested in, and conferred upon said residuary five, their successors and survivors to be exercised as thereinafter defined. These are the only provisions of the deed that bear directly upon the question before the court. It is contended by the defendants that if the legal interest in the instrument sued upon passed to, and vested in the residuary trustees at the expiration of two years from the execution of the deed then the plaintiffs have no interest in the subject matter of the suit. It is a general rule of law that the legal interest in the subject matter of the suit shall be in the plaintiff at the commencement and there remain throughout the entire prosecution of it. If there has been a change of interest, since the institution of the action, the case then falls within the rule, and as a necessary consequence the de-fence set up ought to prevail. The trustees take under the deed and by its authority. When that authority is limited to a particular period of time and made then to terminate, of course the estate vests according to the condition of the grant. That condition is, that at the expiration of two years from the execution of the deed, the whole trust estate shall vest, solely and absolutely in five residuary trustees. Until the contingency happens upon which the estate vested, the whole trustees are seized with the legal fee subject to the condition of the deed. Whenever the condition takes effect their right to continue trustees depends upon their election to fill the office. The defendants assume that at the expiration of two years from the execution of the deed the interest of the original trustees ceased to exist. We do not conceive that the language of the deed will warrant such a conclusion. Let it be admitted, for the sake of the argument, that the deed had provided that in case ten of the trustees should resign, their places should not be filled, but that the other five should administer the whole fund. Would any one insist that, upon the happening of that contingency, there would be any change of interest? We apprehend not. The two cases are precisely similar. The five who were elected did not derive their rights and powers as trustees solely and exclusively from that election, but were thereby simply permitted to continue in the exercise of those conferred upon them by the deed at the time of its execution. The election was not designed to abolish, or in any wise impair the original trusteeship, but only to reduce the number of the trustees, and then to concentrate and consolidate the rights and powers of all into the hands of the lesser number thus elected. The election by which the number of original trustees was reduced from fifteen to five did not occasion such a change of interest as would operate to defeat the suit in the names of the latter in case they had taken the requisite steps to continue its further prosecution. It left it precisely upon the same ground as if the ten, who passed out, had resigned or experienced a natural death. In either case it would have devolved upon the plaintiffs to suggest the fact upon the record, and then to have proceeded in the names of the residue. The attempt to prosecute this suit in the names of the entire fifteen after ten of the number had ceased to exist as such, was clearly illegal; and consequently the circuit court decided correctly in overruling the demurrer to the plea and abating the suit. Judgment affirmed.